| | |
|---|---|
| ANDRE BAUGH,<br>     **Plaintiff** | CIVIL ACTION |
| **VERSUS** | NO.  19-14275 |
| VOYAGER INDEMNITY INSURANCE<br>COMPANY, ET AL.,<br>     **Defendants** | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant AmWINS Access Insurance Services, LLC (AmWINS).[1] Plaintiff Andre Baugh Filed an opposition and a supplemental opposition to the motion.[2] AmWINS filed a reply.[3] For the following reasons, Plaintiff is **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT**.

## BACKGROUND

Plaintiff owns a rental property located at 1310 Spain Street in New Orleans, Louisiana.[4] Plaintiff was assisted by Defendant AmWINS in placing insurance on his rental property.[5] Voyager Indemnity Insurance Company (Voyager) issued a policy to Plaintiff but allegedly did so "under the wrong name."[6] Plaintiff alleges that, on July 10, 2019, a windstorm damaged the rental property. On September 1, 2019, Plaintiff submitted a claim for coverage to Voyager.[7] Initially, Voyager responded that the Spain Street Property was not covered by any policy it had issued.[8] At some point after receiving

---

[1] R. Doc. 8.
[2] R. Doc. 12; R. Doc. 17.
[3] R. Doc. 22.
[4] R Doc. 1-1 ¶¶ 5, 7.
[5] *Id.* ¶ 10.
[6] *Id.*
[7] *Id.* ¶¶ 6, 11.
[8] *Id.* ¶ 12.

the claim, Voyager allegedly conferred with AmWINS, and AmWINS told Voyager to "close your file on this one."[9] On September 5, 2019, however, Voyager acknowledged the Spain Street property was covered by its policy.[10] Plaintiff alleges "[s]atisfactory proof of loss has been provided to [Voyager] and no payment has been made."[11]

The Petition alleges claims against Voyager for breach of contract and bad faith failure to pay sums due under the Voyager policy.[12] The Petition alleges a claim against AmWINS for negligence in "[taking] out the [Voyager] policy under the wrong name" and in "initially" communicating to Voyager "that the loss was not at a covered property."[13]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual

---

[9] *Id.* ¶ 14.
[10] *Id.* ¶ 16.
[11] *Id.* ¶¶ 17–22.
[12] *Id.* ¶¶ 24–28.
[13] *Id.* ¶¶ 10, 12.
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[16] *Id.*

conclusions will not suffice to prevent a motion to dismiss."[17] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[18]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[20] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[21]

### LAW AND ANALYSIS

In the instant motion to dismiss, AmWINS argues Plaintiff has failed to allege facts to support a cause of action for negligence against it.[22] In Louisiana, "to prevail on a negligence claim, a plaintiff must prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant's conduct failed to conform to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) the defendant's conduct caused actual damages."[23]

AmWINS argues Plaintiff has not alleged any facts to show AmWINS' conduct "caused actual damages" to Plaintiff. In particular, AmWINS argues any potential

---

[17] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[18] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[19] *Twombly*, 550 U.S. at 555.
[20] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[21] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[22] Plaintiff has not brought a breach of contract or bad faith claim against AmWINS. R. Doc. 19-1, at 4.
[23] *GeoVera Specialty Insurance Company v. Joachin*, No. CV 18-7577, 2019 WL 3238557, at *10 (E.D. La. July 18, 2019).

3

negligence on its part in procuring the policy under the wrong name, or in telling Voyager to "close your file," was "no harm, no foul"[24] because Voyager has now acknowledged the Spain Street property is covered and "[s]atisfactory proof of loss has been provided."[25]

In his opposition, Plaintiff alleges for the first time the condition of his property worsened during the period of delay in coverage, from September 1 to September 5, 2019, which allegedly was caused by AmWINS' negligence in procuring the policy under the wrong name and interfering with Voyager's claims handling.[26]

The Court construes this additional factual allegation in Plaintiff's opposition as a request for leave to file an amended complaint.[27] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[28] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[29] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[30]

---

[24] R. Doc. 8-1, at 4.

[25] R. Doc. 1-1 ¶ 16.

[26] R. Doc. 17, at 6.

[27] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).

[28] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).

[29] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[30] *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).

In this case, Plaintiff has not previously been granted leave to amend his complaint. The parties currently are engaged in discovery.[31] If Plaintiff fails to file an amended complaint with sufficient factual allegations supporting his claims against AmWINS,[32] adequate time will remain for Defendants to bring a motion to dismiss or motion for summary judgment. Accordingly, Defendants will not be unduly prejudiced by virtue of allowance of an amendment.

## CONCLUSION

**IT IS ORDERED** that Plaintiff is granted leave to file an amended complaint setting forth facts supporting his claims against AmWINS by **March 20, 2020.** If Plaintiff timely files an amended complaint with factual allegations supporting his claims against AmWINS, the pending motion to dismiss will be denied as moot without prejudice.[33]

**New Orleans, Louisiana, this 9th day of March, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 11, at 8 (Scheduling Order). The deadline to complete discovery is August 25, 2020. *Id*.
[32] AmWINS argues the allegations in the opposition are conclusory and void of any factual details regarding the worsened condition of the property. R. Doc. 22, at 4. Plaintiff will be given the opportunity to provide factual allegations and not just conclusory remarks in his amended complaint.
[33] R. Doc 8.