UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDRE BAUGH,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14275** |
| **VOYAGER INDEMNITY INSURANCE COMPANY, ET AL.,**<br>    Defendants | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant Voyager indemnity Insurance Company (Voyager).[1] For the following reasons, Plaintiff is **GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT**.

## BACKGROUND

Plaintiff owns a rental property located at 1310 Spain Street in New Orleans, Louisiana.[2] Defendant AmWINS assisted Plaintiff in placing insurance on his rental property.[3] AmWINS took out an insurance policy through Voyager, but AmWINS allegedly took out the policy "under the wrong name."[4] Plaintiff alleges that, on July 10, 2019, a windstorm damaged the rental property.[5] On September 1, 2019, Plaintiff submitted a claim for coverage to Voyager.[6] Initially, Voyager responded that the Spain Street Property was not covered by any policy it issued.[7] At some point after receiving the claim, Voyager allegedly conferred with AmWINS, and AmWINS told Voyager to "close

---

[1] R. Doc. 30. Plaintiff filed an opposition. R. Doc. 33. Voyager filed a reply. R. Doc. 36.
[2] R Doc. 26 ¶ 7.
[3] *Id.* ¶ 8.
[4] *Id.* ¶¶ 9, 11.
[5] *Id.* ¶ 12.
[6] *Id.* ¶ 13.
[7] *Id.* ¶ 17

1

your file on this one."[8] On September 5, 2019, however, Voyager acknowledged the Spain Street property was covered by its policy.[9] Plaintiff alleges Voyager then failed to properly inspect the property or pay Plaintiff under the policy.[10]

Plaintiff's amended complaint alleges claims against Voyager for breach of contract and bad faith failure to pay sums due under the Voyager policy.[11] The amended complaint also alleges a claim against AmWINS for negligence in taking out the Voyager policy under the wrong name and in telling Voyager to "close your file on this one."[12]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual

---

[8] *Id.* ¶ 14.
[9] *Id.* ¶ 19.
[10] *Id.* ¶¶ 22–28.
[11] *Id.* ¶¶ 46, 53. At the May 14, 2020, status conference, Plaintiff's counsel clarified the price manipulation allegations in the complaint are part of the bad faith cause of action against Voyager. They are not the basis of a separate fraud claim under the False Claims Act.
[12] *Id.* ¶¶ 37–38.
[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[15] *Id.*

conclusions will not suffice to prevent a motion to dismiss."[16] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[17]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[19] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[20]

## LAW AND ANALYSIS

In the instant motion to dismiss, Voyager argues Plaintiff has failed to state a claim against Voyager for bad faith breach of contract.[21] "Louisiana law provides for the imposition of penalties against insurance companies who act in bad faith under two statutes, La. R.S. 22:1892 and 22:1973."[22] "To establish a cause of action for penalties and attorney fees under La. R.S. 22:1892, [a plaintiff] must show that: (1) [the insurance company] received satisfactory proof of loss; (2) [the insurance company] failed to tender payment within thirty days of receipt thereof; and (3) [the insurance company's] failure to pay is arbitrary, capricious, or without probable cause."[23] "Similarly, La. R.S. 22:1973(A) provides that an insurer 'owes to his insured a duty of good faith and fair

---

[16] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[17] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[18] *Twombly*, 550 U.S. at 555.
[19] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[20] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[21] R. Doc. 30-1.
[22] *Jones v. Gov't Employees Ins. Co.*, 2016-1168 (La. App. 4 Cir. 6/14/17), 220 So. 3d 915, 921–22, *writ denied*, 2017-1339 (La. 11/6/17), 229 So. 3d 473.
[23] *Id.*

3

dealing,' which includes 'an affirmative duty to adjust claims fairly and promptly and to make reasonable effort to settle claims with the insured or the claimant, or both.'"[24]

Voyager argues Plaintiff has failed to plead sufficient allegations to support any bad faith claim against it. Specifically, Voyager argues Plaintiff does include allegations to show Voyager received satisfactory proof of loss, does not allege facts to show Voyager's non-payment beyond statutory deadlines, and does allege the substance of any knowing misrepresentations.[25] In his opposition, Plaintiff requests leave to amend his complaint to more specifically plead facts supporting his cause of action for bad faith against Voyager.[26]

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[27] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[28] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[29]

In this case, the Court previously granted Plaintiff leave to amend his complaint in response to a motion to dismiss filed by the other defendant in this matter, AmWINS, concerning different allegedly insufficient factual allegations.[30] The parties currently are

---

[24] *Id.*
[25] R. Doc. 30-1, at 4, 6.
[26] R. Doc. 33, at 11–12.
[27] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[28] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[29] *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).
[30] R. Doc. 23.

4

engaged in discovery.[31] If Plaintiff fails to file an amended complaint with sufficient factual allegations supporting his claims against Voyager, adequate time will remain for Voyager to bring a motion to dismiss or motion for summary judgment. Accordingly, Defendants will not be unduly prejudiced by virtue of allowance of an amendment.

## CONCLUSION

**IT IS ORDERED** that Plaintiff is granted leave to file a superseding, amended complaint, incorporating all allegations supporting his claims against Voyager, by **June 8, 2020.** If Plaintiff timely files a superseding, amended complaint, incorporating all allegations and prayers for relief, the pending motion to dismiss will be denied as moot without prejudice.[32]

**New Orleans, Louisiana, this 29th day of May, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 11, at 8 (Scheduling Order). The deadline to complete discovery is August 25, 2020. *Id*.
[32] R. Doc 30.