UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE BAUGH,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 19-14275 |
| VOYAGER INDEMNITY INSURANCE<br>COMPANY, ET AL.,<br>    Defendants | SECTION: "E" (3) |

### ORDER AND REASONS

Before the Court is a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings filed by Defendant Voyager Indemnity Insurance Company ("Voyager") on Plaintiff's claim for bad faith damages under Louisiana Revised Statute § 22:1973(B)(1).[1] For the following reasons, Voyager's motion is **GRANTED**.

### BACKGROUND[2]

Plaintiff owns a rental property located at 1310 Spain Street in New Orleans, Louisiana.[3] Defendant AmWINS assisted Plaintiff in placing insurance on his rental property.[4] AmWINS secured an insurance policy through Voyager but had the policy issued under the wrong name "Andre Bush" rather than the correct name "Andre Baugh."[5] On July 10, 2019, a windstorm damaged the rental property.[6] On August 29, 2019, Plaintiff reported the loss to Voyager.[7] Initially, Voyager responded that the Spain Street Property was not covered by any policy it had issued.[8] At some point after receiving the

---

[1] R. Doc. 52. Plaintiff filed a response. R. Doc. 55.
[2] The following facts are stated as set forth in Plaintiff's Second Supplemental and Amended Complaint. R. Doc. 43.
[3] *Id.* ¶ 7.
[4] *Id.* ¶ 8.
[5] *Id.* ¶¶ 9, 11.
[6] *Id.* ¶ 12.
[7] *Id.* ¶ 13.
[8] *Id.* ¶ 17.

1

claim, Voyager conferred with AmWINS, and AmWINS told Voyager to "close your file on this one."[9] On September 5, 2019, however, Voyager acknowledged the Spain Street property was covered by its policy.[10] The property deteriorated while Voyager denied coverage between August 29, 2019, and September 5, 2019.[11]

After September 5, 2019, the property's condition continued to deteriorate despite Plaintiff's attempt to mitigate the loss by installing a tarp over the roof.[12] On September 6, 2019, Alton Robertson inspected the property on Voyager's behalf but did not inspect the roof because it was tarped.[13] On October 10, 2019, Plaintiff provided Voyager with a copy of an estimate and photo sheet produced by its public adjuster, Mr. Caracci, as proof of loss.[14] That same day, Voyager told Plaintiff it would not inspect the roof because it was tarped.[15] Later that day, Voyager acknowledged it would inspect the property but only if Mr. Caracci was present for the inspection at Plaintiff's cost.[16]

Plaintiff told Voyager Mr. Caracci was willing to attend Voyager's inspection but stated Voyager should bear Mr. Caracci's cost.[17] Voyager then said it would inspect the property with the tarp and without Mr. Caracci but only if Plaintiff made arrangements to repair the property.[18] On October 28, 2019, Mr. Robertson inspected the property on behalf of Voyager and created a damages estimate.[19]

---

[9] *Id.* ¶ 15.
[10] *Id.* ¶ 21.
[11] *Id.* ¶¶ 22–28.
[12] *Id.* ¶ 25.
[13] *Id.* ¶¶ 27–28.
[14] *Id.* ¶ 36.
[15] *Id.* ¶ 30.
[16] *Id.* ¶ 33.
[17] *Id.* ¶ 38.
[18] *Id.* ¶ 39.
[19] *Id.* ¶ 41.

2

Plaintiff's amended complaint alleges claims against Voyager for breach of contract and bad faith.[20] Plaintiff's bad faith claims break into two categories. First, Plaintiff alleges "[t]he actions and/or inactions of Voyager in failing to adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with [Louisiana Revised Statute] §§ 22:1892 and 22:1973(B)(5), making Voyager liable for statutory bad faith penalties."[21] Second, Plaintiff alleges Voyager violated Louisiana Revised Statute § 22:1973(B)(1), which imposes bad faith penalties on insurers who misrepresent "pertinent facts of insurance policy provisions relating to any coverages at issue."[22] In the instant motion, Voyager seeks judgment on the pleadings only on Plaintiff's claims against it under § 22:1973(B)(1) for bad faith misrepresentation of "pertinent facts or insurance policy provisions relating to any coverages at issue."

## LEGAL STANDARD

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[23] Under Federal Rule of Civil Procedure 12(b)(6), and thus under Rule 12(c), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[24] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25]

---

[20] *Id.* ¶¶ 76–87.
[21] *Id.* ¶ 77.
[22] *Id.* ¶ 83.
[23] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).
[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[27] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[28]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[29] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[30] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[31]

## LAW AND ANALYSIS

Louisiana Revised Statute § 22:1973(B)(1) provides:

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

---

[26] *Id.*
[27] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[28] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[29] *Twombly*, 550 U.S. at 555.
[30] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[31] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted). Voyager further argues Plaintiff's complaint should be held to the higher pleading standard of Federal Rule of Civil Procedure 9(b) because Plaintiff's claim sounds in fraud. At least one court has determined a claim under Louisiana Revised Statute § 22:1973(B)(1) is subject to Rule 9(b)'s heightened pleading requirement. *Pipkins v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-83-SDD-EWD, 2016 WL 6518654, at *4 (M.D. La. Aug. 17, 2016), *report and recommendation adopted*, No. CV 16-83-SDD-EWD, 2016 WL 6471244 (M.D. La. Oct. 31, 2016) (Plaintiffs' allegation that State Farm has breached its statutory duties [under La. R.S. § 22:1973(B)(1)] by making a knowing misrepresentation of pertinent facts in order to gain an unfair advantage does seem to be an averment of fraud, even if not named as such by Plaintiffs. Accordingly, the court finds that Fed. R. Civ. P. 9(b) applies to Plaintiffs' claims."). The Court need not reach a decision on this issue in this case because Plaintiff has failed to state a claim for relief under § 22:1973(B)(1) even under the Rule 12(b)(6) standard.

4

>      (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

Louisiana courts have held "[i]n order to assert a claim under LSA–R.S. 22:[1973], a plaintiff must allege that the defendant-insurer knowingly committed one of the acts set out in R.S. 22:[1973](B)."[32] "Misrepresentation [under (B)(1)] can occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured."[33] An insurer's mere representation of its position, however, "is not tantamount to a misrepresentation of a fact or policy provision related to coverage."[34]

> Plaintiff alleges Voyager made the following five bad faith misrepresentations:
>
> a. Voyager's representation that Petitioner, the Property, and/or the damages were not a [sic] covered under the Policy;
> b. Voyager's representation that the Policy named an insured other than Andre Baugh;
> c. Voyager's refusal to inspect the Property because the roof was tarped;
> d. Voyager's refusal to inspect the Property without Mr. Caracci; and
> e. Voyager's refusal to inspect the Property unless Petitioner made arrangements to repair the Property.[35]

None of these allegations is sufficient to state a claim under § 22:1973(B)(1).

Plaintiff's five allegations break into two categories. The first two allegations—"a" and "b"—are insufficient because Plaintiff has not alleged these statements were made with the knowledge that they were misrepresentations. Instead, Plaintiff has made contrary factual allegations, such as the allegation that AmWINS took out the policy under

---

[32] *Spear v. Tran*, 96-1490 (La. App. 4 Cir. 9/18/96), 682 So. 2d 267, 269, *writ denied*, 96-3024 (La. 2/7/97), 688 So. 2d 500
[33] *Arvie v. Safeway Ins. Co. of Louisiana*, 2006-1266 (La. App. 3 Cir. 2/7/07), 951 So. 2d 1284, 1286, *writ denied*, 2007-0797 (La. 6/1/07), 957 So. 2d 181.
[34] *Chatoney v. Safeway Ins. Co.*, 2000-1189 (La. App. 3 Cir. 6/13/01), 801 So. 2d 448, 453, *writ denied*, 2001-2057 (La. 11/2/01), 800 So. 2d 875.
[35] R. Doc. 43, ¶ 84.

5

the name "Andre Bush" rather than "Andre Baugh,"[36] showing allegations a and b were not misrepresentations made "knowingly." At worst, they were made negligently, which is not actionable under 22:1973(B)(1). Further, statement b was in fact true and not a misrepresentation.[37]

The last three allegations—"c," "d," and "e"—fail to state a claim under 22:1973(B)(1) because they are not misrepresentations "concerning pertinent facts or insurance policy provisions relating to any coverages at issue." Instead, they are merely representations of Voyager's "position for the delay in adjusting the claim."[38] In *Chatoney v. Safeway Insurance Co.*, the defendant insurer, Safeway, delayed payment on the plaintiff's claim for property damage and, to explain the delay, stated the "claim could not be adjusted until it received State Farm's subrogation claim and Safeway determined what State Farm had paid to the [plaintiffs] pursuant to their collision policy."[39] Based on this communication, the plaintiff alleged Safeway made a bad faith misrepresentation in violation of 22:1973(B)(1).[40] The Louisiana Third Circuit, however, stated Safeway had "merely represented its position for the delay in adjusting the claim," which was not "tantamount to a misrepresentation of a fact or policy provision related to coverage."[41]

In this case, Voyager's statements that it could not (1) "inspect the Property because the roof was tarped," (2) "inspect the Property without Mr. Caracci," or (3) "inspect the Property unless Petitioner made arrangements to repair the Property" are nearly identical to the nonactionable statement in *Chatoney*. Accordingly, the Court finds,

---

[36] *Id.* ¶¶ 9, 11.
[37] *Id.*; R. Doc. 1-2.
[38] *Chatoney*, 801 So. 2d at 453.
[39] *Id.*
[40] *Id.* Louisiana Revised Statute § 22:1220 was renumbered to Louisiana Revised Statute § 22:1973 in 2008 "without changing the substance." 2008 La. Sess. Law Serv. Act 415 (West).
[41] *Chatoney*, 801 So. 2d at 453.

pursuant to the Louisiana Third Circuit's decision in *Chatoney*, allegations c, d, and e do not state a cause of action under § 22:1973(B)(1).

Moreover, even assuming allegations c, d, and e are actionable, Plaintiff still has failed to state a claim for relief under § 22:1973(B)(1). In full, Plaintiff alleges, "[u]pon information and belief," (1) "Voyager's refusal to inspect the Property because the roof was tarped was tantamount to a misrepresentation of the terms of the Policy"; (2) "Voyager's refusal to inspect the Property without Mr. Caracci was tantamount to a misrepresentation of the terms of the Policy"; and (3) "Voyager's refusal to inspect the Property unless Petitioner made arrangements to repair the Property was tantamount to a misrepresentation of the terms of the Policy."[42] Plaintiff does not allege, however, the policy provisions Voyager supposedly misrepresented.[43] As a result, the Court finds allegations c, d, and e, even if actionable,[44] are mere "naked assertion[s] devoid of further factual enhancement" that do not suffice to state a claim for relief under § 22:1973(B)(1).[45]

## CONCLUSION

**IT IS ORDERED** that Voyager's motion for judgment on the pleadings is **GRANTED**.[46] Plaintiff's claim against Voyager under Louisiana Revised Statute § 22:1973(B)(1) is **DISMISSED WITH PREJUDICE**.[47]

**New Orleans, Louisiana, this 24th day of July, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[42] R. Doc. 43, ¶¶ 32, 34, 40.
[43] Plaintiff could have done so because the policy is on the record. R. Doc. 1-2.
[44] The Court reiterates they are not actionable under *Chatoney*.
[45] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[46] R. Doc. 52.
[47] The Court makes no finding regarding Plaintiff's claim against Voyager under Louisiana Revised Statute § 22:1973(B)(5).