# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDRE BAUGH,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-14275** |
| **VOYAGER INDEMNITY INSURANCE**<br>**COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Voyager Indemnity Insurance Company.[1] Plaintiff opposed Defendant's motion.[2] For the reasons that follow, Defendant's Motion for Summary Judgment is **DENIED.**

## BACKGROUND

This case involves a property damage insurance claim. Defendant issued Commercial Lines policy number AMW 0013392 to Andre Baugh for coverage on Plaintiff's property located at 1310 Spain Street, New Orleans, Louisiana.[3] Defendant's policy covers loss "commencing" during the policy period, which ran from August 1, 2018, to August 1, 2019.[4] The insurance coverage excluded damages "caused by or resulting from any of the following: (1) Wear and tear; (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself."[5] Plaintiff alleges his property was damaged in a windstorm on July 10,

---

[1] R. Doc. 51.
[2] R. Doc. 56.
[3] R. Doc. 51-1 at 2; R. Doc. 1-2. The insurance policy was mistakenly issued in the name of "Andre Bush," rather than Plaintiff's correct name, Andre Baugh. This error was later corrected by Defendant AmWins Access Insurance Services, LLC.
[4] R. Doc. 1-2, at 87.
[5] *Id.* at 93-96.

2019, and the damage that occured as a result of the windstorm is covered by his Voyager insurance policy.[6] Defendant, Plaintiff's insurer, denies the loss is covered arguing it did not commence during the policy period. Instead, Defendant argues the damage is due to pre-existing wear and tear and deterioration, which is excluded in Plaintiff's policy.

On July 7, 2020, Defendant filed this motion for summary judgment[7] that the policy does not cover the loss because the damages to Plaintiff's insured property resulted from pre-existing wear and tear and deterioration and, as a result, did not "commence" during the policy period.[8] Defendant also seeks summary judgment that, even if the loss is covered, it owes no more to Plaintiff than it has already paid[9] and that Plaintiff's bad faith claims have no merit as a matter of law.[10]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the nonmoving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[6] R. Doc. 51-1 at 1.

[7] R. Doc. 51.

[8] R. Doc. 51.

[9] R. Doc. 51-14 at ¶ 11.

[10] R. Doc. 51-1 at 3.

[11] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[18] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled

---

[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[17] *Celotex*, 477 U.S. at 322–24.

[18] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

to summary judgment as a matter of law.[19] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[21] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[22] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[23]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim.

---

[19] *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[20] *Celotex*, 477 U.S. at 332–33.
[21] *Id.*
[22] *Id.* at 332–33, 333 n.3.
[23] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[24]

## LAW AND ANALYSIS

Defendant seeks summary judgment that damages to Plaintiff's property did not commence during the policy period, that even if the loss is covered, it owes no more to Plaintiff than it has already paid, and that Plaintiff has no claim for bad faith damages as a matter of law. It is undisputed that Plaintiff has a Voyager insurance policy covering his property at 1310 Spain Street with a policy period from August 1, 2018 to August 1, 2019.[25] It also is undisputed the Voyager policy covers only loss or damage "commencing" during the policy period.[26]

Defendant seeks summary judgment that damage to Plaintiff's property did not "commence" during the policy period; rather, Defendant argues it is an undisputed fact the damage to the insured property occurred over years as the result of wear and tear and deterioration.[27] On a motion for summary judgment, "[t]he burden of proof remains with the mover to show that no genuine dispute of fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion."[28]

---

[24] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992)).

[25] R. Doc. 51-14 at ¶ 2; R. Doc. 56-7 at ¶ 2. *See* R. Doc. 1-2 at 87 for copy of insurance policy.

[26] *Id.*

[27] R. Doc. 51.

[28] *Imperial Trading Co., Inc. v. Travelers Property Cas. Co. of America,* 638 F.Supp.2d 692 ,696 (E.D. La. 2009) (quoting *Jones v. Estate of Santiago*, 870 So.2d 1002, 1006 (La. 2004)).

Defendant as movant offers affirmative evidence the damages did not commence during the policy period and, instead, occurred over a period of several years as a result of wear and tear and deterioration. Defendant offers two reports by its expert[29] Alton Robertson,[30] Robertson's subsequent declaration, photographs taken by Robertson,[31] photographs taken by Plaintiff's expert Vincent Caracci,[32] and Google Earth photographs of the Plaintiff's property.[33] The Google Earth photographs dated April 2016, February 2017, January 2018, and January 2019 show an aerial view of the roof of Plaintiff's insured property.[34]

Robertson wrote two reports—the first after inspecting the property with a tarp covering the roof[35] and the second after inspecting the property with a different tarp on the roof.[36] Robertson first inspected Plaintiff's property on September 6, 2019.[37] In his first report Robertson states the Plaintiff's attorney, Galen Hair, did not allow him to inspect the roof without a tarp, nor was he allowed to inspect the interior of the home unless Plaintiff was present.[38] On October 28, 2019, a technician removed and replaced the tarps from the first and second story roofing of Plaintiff's property so an inspection of the roof could be done. Robertson inspected Plaintiff's home for a second time on October 29, 2019, and stated "I found that both tarps had been removed and replaced with another tarp."[39] Robertson's report states, "[p]lease refer to the pictures taken on both [first and

---

[29] R. Doc. 51-3, R. Doc. 51-5.
[30] R. Doc. 51-2.
[31] R. Doc. 51-6.
[32] R. Doc. 51-4.
[33] R. Doc. 51-8.
[34] R. Doc. 51-8.
[35] R. Doc. 51-3.
[36] R. Doc. 51-5.
[37] *Id.*
[38] R. Doc. 51-3.
[39] R. Doc. 51-5.

second inspection] dates." The photos referenced in Robertson's second report show the Plaintiff's roof without a tarp. In his report Robertson states, "evidence was found of an old tarp over this area. Remnants of a deteriorated tarp was found on this slope. It appears that this damage was quite old. A google earth picture clearly shows that this hole was present on this roof for quite some time."[40] Based on Robertson's two inspections of the property, photographs taken while at the properties, and Google Earth photographs, Robertson determined the loss to be weather related.[41] However, he does not opine the loss commenced as a result of a windstorm on July 10, 2019.[42] Roberson's report notes "no rain and wind gusts of only 10mph on the listed date of loss."[43] Robertson's opinion is that damage to the roof may have been caused by wind, but that it was the result of wind occurring over the course of several years, rather than as the result of a single wind event on July 10, 2019.[44]

Plaintiff argues Robertson's opinion is not admissible and should not be considered on this motion for summary judgment because it is based in part on Google Earth photographs that have not been authenticated. Defendant responds that Robertson, in his declaration, authenticated the photographs by comparing them to live images on the Google Earth Pro website.[45] Robertson's declaration further states "I have verified the screenshots (Exhibit 37) by comparing them to the historical images that are available online at Google Earth Pro."[46] At the summary judgment stage, Federal Rule of Civil Procedure 56 allows evidence to be considered if the evidence can be authenticated at

---

[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] R. Doc. 59 at 7; R. Doc. 51-2 at ¶ 9-10.
[46] R. Doc. R. Doc. 51-2 at ¶ 9.

trial.[47] The Ninth Circuit has noted that "when faced with an authentication objection, the proponent of Google-Earth-generated evidence would have to establish Google Earth's reliability and accuracy. That burden could be met, for example, with testimony from a Google Earth programmer or a witness who frequently works with and relies on the program."[48] In this case, Defendant has provided "the Certificate of Authenticity of Laura Devine, Custodian of Records for Google, LLC."[49] The certificate, dated July 17, 2020, states:

> "I, Laura Devine, certify: 1. I am a Custodian of Records for Google LLC ("Google"), located in Mountain View, California. I am authorized to submit this Certificate of Authenticity on behalf of Google in response to a subpoena dated June 29, 2020 (Google LLC Internal Reference No. 3840563) in the matter of *Andre Baugh v. Voyager Indemnity Insurance Company*. I have personal knowledge of the following facts and could testify competently thereto if called as a witness."[50]

Levine goes on to state "[t]he image(s) in question were recorded by a Google camera on or about the date reflected on each of the records."[51] Even if the Levine certificate were not sufficient to authenticate the photographs at this stage, the Google Earth photographs could be authenticated at trial and, as a result, may be considered on summary judgment.[52] The Defendant has produced evidence that, if uncontroverted at trial, would lead to a directed verdict the damage did not commence during the policy period.

The burden of production shifts to Plaintiff to come forward with evidence of specific facts sufficient to establish that a genuine issue of material fact exists as to when the damage commenced.[53] Plaintiff first offers the report of Vincent Caracci, an estimator

---

[47] Fed. R. Civ. Pro. 56.
[48] *U.S. v. Lizarrago-Tirada*, 789 F.3d 1107, 1110 (9th Cir. 2015).
[49] R. Doc. 88-1. The certificate is dated July 17, 2020, which is after Defendant submitted its motion for summary judgment on July 7, 2020. Therefore, Robertson did not mention the certificate in his declaration or reports.
[50] *Id.* at 3.
[51] *Id.*
[52] *See U.S. v. Lizarrago-Tirada*, 789 F.3d 1107, 1110 (9th Cir. 2015); *See also* Fed. R. Evid. 901(b)(9).
[53] *See Celotex*, 477 U.S. at 322–24.

retained by Plaintiff, to establish the disputed issue of fact. Caracci inspected the Plaintiff's property shortly after July 10, 2019, to take photographs and make an assessment of how the damage occurred and an estimate of the cost of repair.[54] The Court granted Defendant's motion in limine[55] finding Caracci's report to be unreliable because he did not use a reliable methodology to reach his conclusion about the date the damage commenced and he failed to consider obvious alternative causes of the damage.[56] Caracci's cause-and-origin testimony that the damage commenced on July 10, 2019 and his testimony "that water entered through the 'lower roof' of the insured property to damage the interior spaces of the insured property on the first floor" have been excluded[57] and may not be used on summary judgment to establish a disputed issue of material fact exists.

Plaintiff next offers summary judgment evidence in the form of Plaintiff Andre Baugh's declaration.[58] In his declaration, Baugh affirmatively declares, under penalty of perjury, the information included is based on his personal knowledge.[59] Baugh also declares he regularly inspects the property, "the damage in Mr. Caracci's estimate was not present prior to July 10, 2019," and the property was in "good and working condition just prior to July 10, 2019."[60] Baugh declares "[i]mmediately after the large wind and water storm on July 10, 2019, I noticed significant water intrusion into the property."[61] Baugh

---

[54] *Id.*
[55] R. Doc. 83.
[56] R. Doc. 106.
[57] *Id.*
[58] R. Doc. 56-2.
[59] R. Doc. 56-2 at ¶ 2.
[60] R. Doc. 56-2.
[61] R. Doc. 56-2 at ¶ 4.

goes on to say "this had not been a problem before that and the roof and the interior of the home were in working and serviceable condition."[62]

It is "well-established that a party's own sworn affidavit or sworn pleadings can serve to create a genuine issue of material fact sufficient to defeat a motion for summary judgment."[63] It also is true, however, "[a] non-moving party must come forward with more than "conclusory allegations, speculation, and unsubstantiated assertions" once the moving party has met its burden for summary judgment."[64] Rule 56(c)(4) provides that when affidavits are used to support or oppose a motion for summary judgment, they "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated."[65] Personal knowledge has been interpreted as "basic, commonsensical inferences, so long as they are 'grounded in observation or other first-hand experience" and are not "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience."[66] "While a declaration need not specifically state that it is based on personal knowledge, it must include enough factual support for a court to determine that its averments were based upon the personal knowledge of the declarant."[67] "The burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of

---

[62] *Id.* at ¶ 5.
[63] *Bartucci v. Jackson,* 2006 WL 2631925 at *3 (E.D. La. Sept. 13, 2006) (citing *Dibidale of La., Inc. v. American Bank & Trust Co.*, 916 F.2d 300, 307-08 (5th Cir. 1990); *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980)).
[64] *Bartucci v. Jackson,* 2006 WL 2631925 at *3 (E.D. La. Sept. 13, 2006) (quoting *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (superseded by statute on other grounds)).
[65] F. R. Civ. P. 56.
[66] *In re Const. Services of Florida, Inc.*, 39 F.Supp.3d 373, 383 (S.D. NY 2014) (quoting *Visser v. Packer Eng'g Associates, Inc.*, 924 F.2d 655, 659 (7t h Cir. 1991) (citations omitted)).
[67] *Gahagan v. United States Citizenship and Immigration Services,* 147 F. Supp.3d 613, 621 (E.D.La. 2015).

trial."[68] The Supreme Court has explained, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[69]

In this case, Baugh specifically states his declaration is based on his own personal knowledge. Furthermore, the declaration includes facts showing Baugh is competent to testify as to the matters asserted. Baugh is the owner of the insured property, regularly inspects the insured property, is responsible for the insured property's "repair, maintenance, and renovation,"[70] and personally observed the condition of the property before and after the wind event.[71] In his declaration, Baugh specifically declares he "noticed significant water intrusion into the property" after the wind on July 10, 2019.[72] Baugh also states "this [water intrusion] had not been a problem before that [wind on July 10, 2019] and the roof and the interior of the home were in working and serviceable condition."[73] The Court finds Baugh's declaration is not based on mere conclusory allegations and instead is grounded in personal observations. Viewed in a light most favorable to the non-movant, Baugh's declaration is sufficient to create a genuine dispute of material fact as to whether the damage commenced during the policy period. On motion for summary judgment, a court may not make credibility determinations or resolve factual disputes.[74] Instead, the jury will be required to resolve the parties' different

---

[68] 10A Fed. Prac. & Proc. Civ. § 2727.2 (4th ed.).
[69] *First Nat. Bank of Ariz. v. Cities Service Co*., 391 U.S. 253,288-89 (1968).
[70] R. Doc. 56-2 at ¶ 3.
[71] R. Doc. 56-2.
[72] *Id*. at ¶ 4.
[73] *Id*. at ¶ 5.
[74] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).

versions of the truth at trial. Summary judgment that the loss did not commence during the policy period must be denied.[75]

Alternatively, even if some of the damage to Plaintiff's damage was caused by wind, Defendant seeks summary judgment that it owes no more to Plaintiff than what it has already paid.[76] Defendant did not seek to exclude Caracci's estimate of damages to Plaintiff's property. Caracci's damage estimate differs from Robertson's cost estimate. If some of the loss is covered, there are disputed issues of fact as to the cost of repair to the covered damage. Accordingly, summary judgment that Defendant owes no more damages to Plaintiff than what it has already paid is denied.

Finally, Defendant seeks summary judgment that Plaintiff is not entitled to bad faith damages under La. R.S. 22:1893 and La. R.S. 22:1973. Defendant first argues that, because there has been no breach of contract, Plaintiff's bad faith claim has no merit as a matter of law.[77] Factual disputes preclude summary judgment on whether the Defendant's failure to cover the loss was a breach of contract. As a result, Defendant is not entitled to summary judgment on the bad faith claim on this basis.

Second, Defendant argues it is entitled to summary judgment on the bad faith damages claim because it had a reasonable and legitimate reason to deny the claim.[78] La.

---

[75] Plaintiff also attempts to show there is a disputed issue of fact by pointing to the report of Defendant's expert. Robertson's first report states the property damage is "weather related" and notes the weather report indicated "heavy thunderstorms for the reported date of loss." However, Plaintiff's reliance is misplaced. Robertson does not opine the loss commenced during the policy period. In Robertson's second report, signed October 29, 2019, after a follow-up inspection following his previous report when a tarp covered the roof, Robertson states "[i]t appears that this damage was quite old." Robertson also opines the Google Earth photographs show the hole in the roof was present for "quite some time." Robertson's second report includes a note on the weather on July 10, 2019, when Plaintiff alleges the damage commenced, indicating there was "no rain and wind gusts of only 10mph on the listed date of loss." Taken as a whole, Robertson's opinion is that the majority of the damage to Plaintiff's property is old, and therefore a product of wear and tear, and that the damage is not a result of wind on July 10, 2020. R. Doc. 51-3, 51-5.

[76] R. Doc. 51-14 at ¶ 11.

[77] R. Doc. 51-1 at 3 and 10.

[78] *Id.*

R.S. 22:1973(B)(5) requires insurers to act in good faith and provides for penalties if an insurer fails to pay a claim within sixty days after receipt of satisfactory proof of loss when "such failure is arbitrary, capricious, or without probable cause." Whether a refusal to pay a claim is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of the refusal to pay the claim.[79] Defendant's Statement of Undisputed Facts contains no facts relating to its reasons for denying the claim or its knowledge at the time of the refusal.[80] Defendant has failed to establish there are no material facts in dispute with respect to whether it had a reasonable and legitimate reason to deny the claim. Defendant is not entitled to summary judgment on the bad faith claim on this basis.

## <u>CONCLUSION</u>

**IT IS ORDERED** that Defendant Voyager Indemnity Insurance Company's Motion for Summary Judgment[81] is **DENIED.**

**New Orleans, Louisiana, this 1st day of December, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[79] *Wells v. Houston*, 657 So.2d 474 (La. App. 3rd Cir. 1995).
[80] R. Doc. 51-14 at ¶ 13.
[81] R. Doc. 51.