UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDRE BAUGH,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14275** |
| **VOYAGER INDEMNITY INSURANCE<br>COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Defendant AmWins Access Insurance Services LLC's motion for reconsideration[1] of the Court's Order and Reasons denying its motion for summary judgment.[2] Plaintiff filed an opposition to Defendant's motion.[3]

## LAW AND ANALYSIS

A motion for reconsideration may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[4] However, Rules 59 and 60 apply only to final judgments.[5] Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[6] The Court's Order and Reasons denying Defendant's motion for summary judgment is an interlocutory judgment, as it did not adjudicate all claims for all parties. The Court is therefore free to reconsider and reverse its decision for

---

[1] R. Doc. 107.
[2] R. Doc. 105.
[3] R. Doc. 112.
[4] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 563 (E.D. La. 2013).
[5] *Id.*
[6] Fed. R. Civ. P. 54(b).

1

any reason it deems sufficient.[7] Accordingly, the Court's Order and Reasons[8] may be reconsidered under Rule 54(b).

Under Rule 54(b), the Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[9] "However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[10] Generally, courts in the Eastern District of Louisiana evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[11] A Rule 59(e) motion "calls into question the correctness of a judgment."[12] In considering a motion for reconsideration, a court must balance the interests of justice with the need for finality.[13] The four factors generally considered in deciding a motion under the Rule 59(a) standard are as follows:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[14]

However, Rule 54(b) motions are not the proper vehicle for the reconsideration of evidence, legal theories, or arguments.[15] Reconsideration under Rule 54(b) instead

---

[7] *Acoustic Systems, Inc v. Wenger Corp.*, 207 F.3d 287, 290 (5th Cir. 2000).
[8] R. Doc. 105.
[9] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).
[10] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 565 (E.D. La. 2013).
[11] *Id.* at fn. 129 (collecting cases).
[12] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[13] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 355 (5th Cir. 1993).
[14] *Castrillo v. American Home Mortg. Servicing, Inc.*, 2010 WL 1424398 at *4 (E.D. La. April 5, 2010).
[15] *Simon v. United States*, 891 F.2d 1154, 1159 (5t h Cir. 1990).

"serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[16] It is well settled that motions for reconsideration should not be used to re-urge matters already advanced by a party.[17]

In this case, the Defendant seeks reconsideration on three bases: (1) reconsideration is necessary to allow the Defendant to introduce newly discovered or previously unavailable evidence; (2) reconsideration is necessary to correct a manifest error of law or fact; and (3) reconsideration is necessary in order to prevent manifest injustice.[18]

With regard to Defendant's first argument, that there now exists "newly discovered or previously unavailable evidence," Plaintiff produces the deposition of Voyager Indemnity Insurance Company through its representative, Mike Thompson.[19] According to the current Scheduling Order, all non-evidentiary pretrial motions were to be filed by September 1, 2020.[20] Defendant timely filed its motion for summary judgment on August 16, 2020, and it was submitted for decision on September 2, 2020.[21] Thompson's deposition was taken on September 25 and 28, 2020.[22] The Court issued its Order and Reasons on Defendant's motion for summary judgment on November 2, 2020.[23] The information included in Thompson's deposition is not previously unavailable evidence, as Defendant could have deposed Thompson earlier and included his testimony in support of its motion for summary judgment.

---

[16] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5t h Cir. 1989) (internal quotations omitted).
[17] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 565 (E.D. La. 2013).
[18] *See* R. Doc. 107.
[19] R. Doc. 107-2.
[20] R. Doc. 113.
[21] R. Doc. 78.
[22] R. Doc. 107-2.
[23] R. Doc. 105.

3

Defendant also describes the Thompson deposition as newly discovered evidence. In effect, Defendant seeks to file a new motion for summary judgment, with additional supporting evidence, after the deadline for dispositive motions has passed.[24] Defendant's motion for reconsideration on the grounds of "newly discovered or previously unavailable evidence" fails.

Second, Defendant argues reconsideration is necessary to correct a manifest error of law. Defendant cites the Court's consideration of Plaintiff's affidavit as summary judgment evidence as an error of law, but Defendant does not offer any law supporting its argument. The Defendant argues Plaintiff's affidavit is self-serving and unsubstantiated and therefore cannot serve as summary judgment evidence.[25] The Court found it clear that Plaintiff's affidavit is based on his personal knowledge, as he was the homeowner and owner of the insurance policy.[26] The Fifth Circuit has determined that an affidavit based on personal knowledge may be used to support or oppose a motion for summary judgment.[27] Defendant's disagreement with the Court's decision does not equate to a manifest error of law. Accordingly, Defendant's motion on the grounds that reconsideration is necessary to "correct a manifest error of law" fails.

Third, Defendant argues reconsideration is necessary to prevent manifest injustice. Again, Defendant does not describe the manifest injustice resulting from the Court's order, other than Defendant's disagreement with the Court's decision.[28] As the

---

[24] Plaintiff argues that, even if the Thompson deposition is considered, disputed facts remain. Plaintiff argues Thompson's deposition does not resolve whether the information conveyed at the making of the claim was correct, who prepared the Loss Notice, and/or who is responsible for the incorrect information on the Loss Notice. R. Doc. 112 at 2.
[25] R. Doc. 107-1 at 4.
[26] R. Doc. 56-2.
[27] *Washington v. Louisiana*, 628 Fed. Appx. 914, 916 (5th Cir. 2015).
[28] *See* R. Doc. 107-1.

Court explained in its previous order and reasons, "[t]he use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[29] Defendant's motion for reconsideration on the grounds that reconsideration is necessary to "prevent manifest injustice" fails.

Accordingly;

**IT IS ORDERED** that Defendant AmWins Access Insurance Services LLC motion for reconsideration[30] is **DENIED**.

**New Orleans, Louisiana, this 22nd day of January, 2021.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] *Davison v. Stanadyne*, 718 F.2d 1334, 1338-39 (5th Cir. 1983); *see also* R. Doc. 105 at 5.
[30] R. Doc. 107.